Hickman, J.
On the 7th day of March, 1879, Joseph Sommer made an assignment under the insolvent laws of Ohio, for the benefit of his creditors, of all his property, money, rights and credits, excepting and reserving to himself the homestead, and other rights and property to which he was entitled, under the homestead, exemption and other laws of Ohio. On the 21st day of March, 1879, appraisers appointed by the probate court, under section 6348 of the Revised Statutes, set off to him, as a homestead, the land in litigation, and he took possession of the premises. .No buildings had ever been erected on the land. Sommer therefore had never resided thereon, but his residence was on land adjacent. •
At the time the homestead was set apart to him, he was the head of a family that resided with him, and relied upon him for support and maintenance. By operation of the assignment, the legal title to the land in question passed to and vested in the assignee, in trust for the benefit of the creditors of the assignor, unless prevented by reason of the exception and reservation in the instrument of assignment, and the provisions of section 6348 of the Revised Statutes.
It is provided by that section, that: “ No assignment for the benefit of creditors shall be construed to include or cover any property exempt from levy or sale on execution, or from *330 being, by any legal process, applied to the payment of debts, unless in the assignment the exemption is expressly waived * * ; and, as to the homestead exemption, * * * the appraisers appointed by the court shall, on making the appraisement, set the same off in the same way that appraisers of property levied on or attached are required to do.”
The homestead right is a statutory right purely, created for the benefit of the debtor and his family. Under our laws, a homestead exemption is merely a personal privilege of the beneficiaries. It is not an assignable estate, but a mere possessory right, personal to the debtor and his family, and which does not run with the land. As held in McComb v. Thompson, 42 Ohio St. 139, the right to have and hold a homestead is a personal privilege which cannot be conveyed to another, and is lost by neglect or refusal to claim it, or by abandonment of the homestead. The husband, or, in case of his failure or refusal, the wife, may exercise the right of making the demand therefor, or may refuse so to do.
Such being the nature of the homestead privilege, its enjoyment is not made dependent upon holding the legal title to the land set off; and a reservation by the assignor of a homestead right, is in keeping with a conveyance of the fee to the as- ' signee, in trust for the benefit of creditors. The law designs that a debtor’s property shall be applicable to the payment of his debts; and when the ajopraisers appointed by the court have set off the homestead, it is not the fee in the land that passes, but merely the right to use and occupy the same for the purposes of a homestead. If the property in the hands of the assignee proves inadequate to pay the creditors in full, when the land ceases to be occupied for a homestead,- it may be subjected to the payment of the assignor’s debts. But, if the creditors are otherwise wholly satisfied, a resulting trust arises, and the assignee may be ordered to reconvey to the assignor, the legal title to the land set off.
On the 5th day of May, 1879, the plaintiff in error, Louis Schuler, a creditor to whom Joseph Sommer was indebted at the time of his assignment, recovered a judgment against Sommer in the court of common pleas of Stark county, and it is *331 contended that that j udgment became a valid lien upon the land in which the homestead had been set apart prior to that day. But on that day, the legal title, as it is evident, was not in Sommer, but in his assignee. The provision of the statute regulating judgments, that the lands and tenements within the county where the judgment is entered, shall be bound for the satisfaction thereof from the first day of the term at which judgment is rendered, is applicable only to legal interests in lands and tenements — to such interests as can be sold upon execution. The defendant or judgment debtor must have a legal title in order that the judgment may operate as a lien. Baird v. Kirtland, 8 Ohio, 21. The judgment, therefore, of Schuler, did not attach as a lien.
Schuler having acquired no lien upon the land by virtue of his judgment, even if, after the setting apart by the appraisers of a homestead to Sommer, there was in consequence vested in him an interest that could be reached on execution, the levy of Schuler’s execution on the 14th day of July, 1883, upon the land in controversy, could be of no avail to him as against Miller, the defendant in error, as Sommer had executed and delivered to Miller, as early as the loth day of April, 1880, his warranty deed of the premises, which was duly recorded on the 20th day of May, 1880. Doubtless if the judgment of Schuler had once taken effect as a lien, it could not have been divested by a subsequent occupation of the premises as a homestead; and although the enforcement of such judgment might have been suspended as long as the property retained its homestead character, yet, upon an abandonment of the homestead, or an alienation of it by the owners, whereby the homestead character was removed, the property Avould have been left liable to be sold under the judgment against the alienors at the date of the conveyance. But the case at bar does not present such a state of facts. Freeman on Judgments, § 355; McComb v. Thompson, supra.
The question, liOAvever, arises, Avhat title did the defendant in error acquire by the deed from Sommer? Assuming that the homestead right Avas thereby terminated, Avhat, if .any interest in the land, could the grantor vest in his grantee ? As *332 to the legal title in the land, it could not be conveyed by Sommer, as it was already vested in the assignee, and it is not disclosed that he ever reconveyed it to the debtor. Sommer, therefore, could transfer to Miller, the defendant in error, only an equitable interest, the measure of which would be determined upon the settlement of the assignee’s final account, and to that interest Miller became entitled. The -principle is stated in Halsey v. Whitney, 4 Mason, 206, that any surplus which shall remain in the hands of an assignee after indemnifying and paying fully all the creditors, will constitute a resulting trust by mere operation of law in favor of thc.debtor. And as said by Read, J., in Matter of Potter, 54 Pa. St. 465, “an assignment by an insolvent debtor for the benefit of creditors, always leaves a resulting trust in the assignor, which, if his debts were actually paid, or a legal presumption of their payment has arisen from lapse of time, entitles him to the possession of the assigned property.”
Before the execution issued on Schuler’s judgment was levied on the land, the assignee, according to the finding of facts, had filed his final account, and fully administered and settled his trust. But the assignee is not a party to this action, and as such has furnished no information in regard to the property assigned to him in trust for the benefit of creditors. We do not discover from the record, that his final account represented all the creditors of Sommer to have been paid in full. Indeed, the levy of the execution in favor of Schuler would indicate, or afford the presumption, that they had not all been so paid. Under such circumstances, the premises, of which a deed had been executed to Miller, and of which the occupancy as a homestead had ceased, would constitute a fund in the hands of the assignee, for distribution among creditors — the surplus, if any, after paying them all in full, to be held by him in trust for the debtor, or Miller, his grantee in the warranty deed. The provisions of the statute regulating assignments of insolvent debtors would preclude Schuler from absorbing the whole of such trust fund, and limit him to a proportionate share thereof.-.
*333 For these reasons we are of opinion, that the plaintiff in error acquired no lien on the land involved in this suit, by reason of the rendition of the judgment in his favor against Sommer, and the levy of the execution in July, 1883. But we think the circuit court erred in affirming the judgment of the court of common pleas, ,so far as it adjudged Miller to be seized. of a legal title and estate in the land described in his petition, and decreed that he should be quieted in the possession of the premises.

Judgments of the circuit court and court of common pleas reversed, and petition and cross-petition dismissed.